1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9

10    JAMES DIPINTO,                      No. 2:09-cv-03225-MCE-KJN

11              Plaintiff,

12        v.                              MEMORANDUM AND ORDER

13    U.S. BANK NATIONAL ASSOCIATION,
      as trustee, et al.,
14
                Defendants.
15

16                          ----oo0oo----

17        This action arises out of a mortgage loan transaction in

18    which Plaintiff James DiPinto ("Plaintiff") refinanced his home

19    in February 2006.  Presently before the Court is a Motion by

20    Defendant U.S. Bank National Association ("Defendant") to Dismiss

21    the claims alleged against it in Plaintiff's First Amended

22    Complaint ("FAC") for failure to state a claim upon which relief

23    may be granted pursuant to Federal Rule of Civil Procedure

24    12(b)(6).[1]  For the reasons set forth below, Defendant's Motion

25    to Dismiss is granted with leave to amend.

26    _____

27        [1] Because oral argument will not be of material assistance,
      the Court deemed this matter suitable for decision without oral
28    argument.  E.D. Cal. Local Rule 230 (g).

                                    1

**BACKGROUND**[2]

This action arises out of activity surrounding a residential loan transaction for property located at 10137 Bond Road, City of Elk Grove, California ("Property").

Plaintiff originally had a first and second mortgage on his home and paid a combined monthly amount of approximately $5,495.96.  Plaintiff decided to remodel his home and provided Defendant with his financial and loan application.  Defendant's agent informed Plaintiff that his loan type would be a "Jumbo" loan which required two appraisals of the Property.

In February 2006, after two appraisals, Defendant approved Plaintiff's loan.  Plaintiff alleges that Defendant promised him a thirty-year loan with a fixed rate, however Defendant actually sold Plaintiff an adjustable rate loan.

To qualify for this loan, Plaintiff alleges that the appraisers overstated the condition of Plaintiff's home without Plaintiff's knowledge or consent.  However, on February 6, 2006, Plaintiff completed the loan on his Property.  The terms of the loan were memorialized in a Promissory Note, which was secured by a Deed of Trust on the Property.

Plaintiff contends that he never had a meaningful opportunity to exercise his right to cancel the loan because he did not understand how to do so.  Plaintiff states this is due to the fact that Defendant and Defendant's agent "never bothered to make themselves available at the loan signing."  (FAC ¶ 55.)

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's FAC unless otherwise specified.

1    Plaintiff planned to begin remodeling in March 2006 but

2    quickly realized he could not make his monthly payments.  He

3    claims that he attempted to modify his loan "but found it

4    impossible because of the enormous disparity between the monthly

5    loan payment and his meager monthly income."  (FAC ¶ 58.)   On

6    November 9, 2009, Plaintiff alleges that he mailed to Defendant a

7    Qualified Written Request ("QWR") under the Real Estate

8    Settlement Procedures Act ("RESPA").  (FAC ¶ 91.)  Plaintiff

9    states that Defendant never properly responded to the QWR.

10

11                              **STANDARD**

12

13    On a motion to dismiss for failure to state a claim under

14    Rule 12(b)(6), all allegations of material fact must be accepted

15    as true and construed in the light most favorable to the

16    nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,

17    337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2)

18    requires only "a short and plain statement of the claim showing

19    that the pleader is entitled to relief," in order to "give the

20    defendant fair notice of what the...claim is and the grounds upon

21    which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct.

22    99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by a Rule

23    12(b)(6) motion to dismiss does not need detailed factual

24    allegations, a plaintiff's obligation to provide the "grounds" of

25    his "entitlement to relief" requires more than labels and

26    conclusions, and a formulaic recitation of the elements of a

27    cause of action will not do.  <u>Bell Atl. Corp. v. Twombly</u>, 550

28    U.S. 544, 555 (2007) (internal citations and quotations omitted).

1  Factual allegations must be enough to raise a right to relief

2  above the speculative level.  <u>Id</u>.  (citing 5 C. Wright & A.

3  Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d

4  ed. 2004) ("The pleading must contain something more...than...a

5  statement of facts that merely creates a suspicion [of] a legally

6  cognizable right of action").

7       If the court grants a motion to dismiss a complaint, it must

8  then decide whether to grant leave to amend.  The court should

9  "freely give[]" leave to amend when there is no "undue delay, bad

10 faith[,] dilatory motive on the part of the movant,...undue

11 prejudice to the opposing party by virtue of...the amendment,

12 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); <u>Foman</u>

13 <u>v. Davis</u>, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

14 only denied when it is clear that the deficiencies of the

15 complaint cannot be cured by amendment.  <u>DeSoto v. Yellow Freight</u>

16 <u>Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

17

18                         **ANALYSIS**

19 **A.   Plaintiff's Suit Against Defendant Does Not Offset the**
      **Required Tender.**

20

21

22      Plaintiff has failed to allege tender of the amount secured,

23 which Defendant argues is necessary to maintain the present

24 action.  A defaulted borrower is "required to allege tender of

25 the amount of secured indebtedness in order to maintain any cause

26 of action for irregularity in the sale procedure."  <u>Abdallah v.</u>

27 <u>United Savings Bank</u>, 43 Cal. App. 4th 1101, 1109 (1996).

28 ///

                              4

Therefore, an action to set aside a foreclosure sale, unaccompanied by an offer to tender, does not state a cause of action which a court of equity recognizes. <u>Karlsen v. American Sav. & Loan Ass'n</u>, 15 Cal. App. 3d 112, 117 (1981).

Plaintiff asserts that "the tender requirement can be equitably setoff by a party's action against the mortgage company." Plaintiff argues that under <u>Hauger v. Gates</u>, Plaintiff need not tender the amount due on his Promissory Note because Plaintiff's lawsuit against Defendant offsets the tender requirements. <u>Hauger v. Gates</u>, 42 Cal. 2d 752 (1954). As Plaintiff admits, however, <u>Hauger</u> is distinguishable, in that it dealt with an affirmative cross claim. <u>Id</u>. at 755. Here, Plaintiff brought the present action requesting that the Court prevent wrongful foreclosure, but he fails to allege the necessary tender.

For these reasons, Plaintiff's lawsuit does not offset the tender requirement. Plaintiff, as a defaulted borrower, must allege tender to maintain an action seeking to set aside a foreclosure sale.

### B.   Plaintiff's TILA Cause of Action is Time-Barred.

Plaintiff seeks to rescind his loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1600 et. seq., and alleges that Defendant failed to provide material disclosures regarding his loan as required under TILA. Defendant argues that Plaintiff's claim for TILA violations is time-barred because civil damages are subject to a one-year statute of limitations and claims for rescission have a three-year statute of limitations.

With respect to civil damages for Defendant's failure to provide disclosures mandated by TILA, the statute of limitations allows Plaintiff to file suit within one year from the "date of occurrence" of the alleged violation.  15 U.S.C. § 1640(e).  The "date of occurrence" is the date the transaction is consummated, which in a mortgage loan case is when the Plaintiff closed on the loan.  See Walker v. Washington Mutual Bank FA, 63 F. App'x. 316, 317 (9th Cir. 2003).  Plaintiff's loan closed on February 6, 2006, triggering a statute of limitations for damages that expired February 6, 2007.  Plaintiff, however, did not file suit until September 8, 2009, over two and a half years after the prescribed period.

Regarding Plaintiff's claim for rescission, pursuant to TILA provisions codified at 15 U.S.C. § 1635(a), a consumer may elect to cancel their residential mortgage loan within three days of either the consummation of the transaction or delivery of required disclosures and rescission forms.  If the required disclosures are not provided, then the right to cancel extends three years after the date of the loan.  Plaintiff's loan closed on February 6, 2006, therefore his right to rescind expired on February 6, 2009.  Once again, Plaintiff's claim is time-barred.

However, to save his claims Plaintiff argues that equitable tolling should apply to suspend the statutes of limitations.  The Ninth Circuit has held that "the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."

1  King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986).

2  In determining justifiable application of the equitable tolling

3  doctrine, a court "focuses on excusable delay by the plaintiff."

4  Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).   To

5  establish excusable delay, the plaintiff must show "fraudulent

6  conduct by the defendant resulting in concealment of the

7  operative facts, failure of the plaintiff to discover the

8  operative facts that are the basis of his cause of action within

9  the limitations period, and due diligence by the plaintiff until

10 discovery of those facts."   Federal Election Com'n v. Williams,

11 104 F.3d 237, 240-41 (9th Cir. 1996).

12      Here, Plaintiff has failed to exhibit requisite due

13 diligence.  The explanation Plaintiff provides to invoke this

14 equitable protection is that the TILA violation "did not reveal

15 itself until within the past year."  (FAC ¶ 20.)  Plaintiff

16 further states that he was confused by the documents provided by

17 Defendant.  (FAC ¶ 36.)  This explanation is hardly an excusable

18 delay sufficient to invoke this Court's application of equitable

19 tolling.  Entertaining such justification would open the

20 floodgates, allowing endless TILA suits to be filed under the

21 guise that the alleged TILA violation did not reveal itself

22 sooner.

23      Plaintiff has failed to show any concealment of facts by the

24 Defendant, except for his bare allegations, nor has he shown even

25 a scintilla of due diligence on his own part.  The excuses

26 provided are not grounds upon which the Court can equitably

27 rescue Plaintiff's claim from late filing.

28 ///

Equitable tolling will not be applied, and thus the statute of limitations period has run.  Defendant's Motion to Dismiss Plaintiff's TILA claim is GRANTED.

### B.   Plaintiff's RESPA Cause of Action is Time-Barred and Does Not Meet the Requisite Pleading Standard.

#### 1.   Yield Spread Premiums

Plaintiff contends that Defendant violated the Real Estate Settlement Procedures Act ("RESPA") by failing to disclose yield spread premiums ("YSP") as required by RESPA guidelines codified at 12 U.S.C. § 2607.[3]  Specifically, Plaintiff alleges that Defendant violated RESPA because "the payments to the mortgage broker and to the lender in regard to the principal balance and the interest adjustment were misleading and designed to create a windfall, in that Defendants were paid a 'yield spread premium,' i.e. a rebate."  (FAC ¶ 91.)

Defendant argues, however, that the statute of limitations has run on this RESPA claim as well.  Because RESPA mandates a one-year statute of limitations on claims arising under § 2607, see 12 U.S.C. § 2614, Plaintiff's RESPA claim should have been filed by February 6, 2007, a year after his loan closed.

///

---

[3] Although the language of the statute does not directly address whether the payment of a YSP to a mortgage broker is a violation of RESPA, the Ninth Circuit has treated such claims as falling under 12 U.S.C. § 2607. See Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003) (relying on HUD's Statements of Policy, Lender Payments to Mortgage Brokers, 64 Fed. Reg. 10080 (Dep't of Housing & Urban Dev., March 1, 1999)).

Plaintiff did not file until September 8, 2009.  Again, Plaintiff calls for an application of equitable tolling to save his claim.

For RESPA claims, the Ninth Circuit has not yet addressed whether equitable tolling will apply, however several district courts have found the doctrine to be available in appropriate circumstances.  <u>See Ferrari v. U.S. Bank, N.A.</u>, 2009 WL 3353028, at *2 (N.D. Cal. Oct. 16, 2009); <u>Brewer v. Indymac Bank</u>, 609 F. Supp. 2d 1104, 1118 (E.D. Cal. 2009); <u>Marcelos v. Dominguez</u>, 2008 WL 1820683, at *6 (N.D. Cal. Apr. 21, 2008).

The most common factor in determining applicability seems to be whether the plaintiff has plead some level of due diligence in investigating his or her RESPA claim.  <u>See Bassett v. Ruggles</u>, 2009 WL 2982895, at *12 (E.D. Cal. Sept. 14, 2009) (Equitable tolling applied where Plaintiff contacted the company to which they paid the loans and asked if there was a yield spread premium, yet the company refused to confirm.); <u>Yulaeva v. Greenpoint Mortg. Funding, Inc.</u>, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009) (Court held equitable tolling could not apply where plaintiff did not plead any facts regarding her reasonable diligence to discover the information); <u>Rosal v. First Federal Bank of California</u>, 2009 WL 2136777, at *6-8 (N.D. Cal. July 15, 2009) (Court held that plaintiff failed to show excusable delay because the plaintiff could have compared his loan documents with TILA and RESPA statutory requirements.  Therefore equitable tolling was not warranted.)

///

///

///

9

1    Here, in support of his request for equitable tolling,
2  Plaintiff states that he only recently discovered Defendant's
3  failure to disclose the "self-serving, deceptive, and fraudulent
4  aspects of the loan." (Pl.'s Opp'n to Def.'s Mot. to Dismiss
5  16:7) However, Plaintiff fails to allege any due diligence on
6  his part to inquire about his loan. Even when read with
7  "required liberality," for the reasons set forth above this is
8  not sufficient to justify tolling of statute of limitations.

9    The RESPA claim under § 2607 is therefore time-barred.
10 Defendant's Motion to Dismiss Plaintiff's RESPA claim under
11 § 2607 is granted.

12

13            **2.   Qualified Written Request**

14

15    Plaintiff also contends that he sent Defendant a Qualified
16 Written Request ("QWR") on November 9, 2009 and Defendant
17 violated 12 U.S.C. § 2605(e)(2) of RESPA by failing to properly
18 respond to Plaintiff's alleged QWR.

19    RESPA requires mortgage loan servicers who receive a QWR for
20 information relating to the servicing of their loan to provide a
21 written response within 20 days acknowledging receipt of the
22 correspondence. 12 U.S.C. § 2605(e)(1)(A). For the purposes of
23 the Act, a QWR is defined as "a written correspondence [] that...
24 includes a statement of the reasons for the belief of the
25 borrower, to the extent applicable, that the account is in error
26 or provides sufficient detail to the servicer regarding other
27 information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).
28 ///

A loan servicer has the duty to act when it receives a QWR "for information relating to the servicing of the loan." 12 U.S.C. § 2605(e)(1)(A). "Servicing means receiving any scheduled periodic payments from the borrower...and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower." Id. § 2605(i)(3).

Although Plaintiff describes his letter as a QWR, he fails to allege any facts which qualify it as such. Plaintiff has not alleged that he was seeking information about servicing of the loan nor does he assert that he gave a statement of the reasons for his belief that the account is in error.

The letter sent by Plaintiff simply relates to the origination of the loan, not any servicing errors, and therefore does not qualify as a QWR. See Consumer Solutions REO, LLC v. Hillery, 2009 WL 2711264 *9 (N.D.Cal. Aug. 26, 2009) (finding borrower's letter to mortgage loan servicer did not qualify as a QWR, where letter simply disputed loan's validity, and not its servicing).

Thus, Plaintiff's RESPA claim for violation of § 2605 fails to meet the requisite pleading standard. Defendant's Motion to Dismiss Plaintiff's RESPA claim under § 2605 is granted.

///

///

///

///

///

///

///

11

1        **C.    Plaintiff's Remaining Causes of Action**

2

3        With only Plaintiff's state law claims remaining, this Court

4   ceases to have subject matter jurisdiction over the suit.   The

5   Court declines to exercise its supplemental jurisdiction over the

6   remaining state causes of action and they are dismissed without

7   prejudice.   The Court need not address the merits of Defendant's

8   Motion to Dismiss with respect to the remaining state law causes

9   of action as those issues are now moot.

10

11                            **CONCLUSION**

12

13       For the reasons stated above, Defendant's Motion to Dismiss

14  (Docket No. 21) is GRANTED with leave to amend.

15       Plaintiff may file an amended complaint not later than

16  twenty (20) days after the date this Memorandum and Order is

17  filed electronically.   If no amended complaint is filed within

18  said twenty (20)-day period, without further notice, Plaintiff's

19  claims will be dismissed without leave to amend.

20       IT IS SO ORDERED.

21
    Dated: May 11, 2010

22

23

24                            MORRISON C. ENGLAND, JR.
                              UNITED STATES DISTRICT JUDGE
25

26

27

28